### JAMES WRIGHT VS. ENOCH FORBES.

An objection to receiving a plea and notice should be immediately communicated to the opposing attorney, after it is received, or should be returned immediately; a delay of two months without any objection being made will be constructed as an acceptance.

*Motion by defendant requiring plaintiff's attorney to accept amended plea and notice.*—The last day for pleading expired on the 1st of May, under an order procured by defendant extending the time to plead, and for a bill of particulars from plaintiff. Plaintiff served bill of particulars on the 30th April. Defendant's attorney had not time to advise with his client, (who was then absent,) nor time to procure another order extending time to plead; he however drew up a plea and notice according to the knowledge of the facts in the case which he possessed, and served them on the last day for pleading; subsequently on advising with his client, he discovered a necessity for amending his plea and notice, he thereupon prepared an amended plea and notice, and sent it to plaintiff's attorney, on the 31st May, with a request that he would waive any irregularity and receive it, and that if he had any objections to doing so would write him before taking any further steps. Defendant's attorney received no communication from plaintiff's attorney on the subject until the 14th August thereafter, when he was served with notice of trial and inquest, with a note accompanying it, that plaintiff's attorney could not accept the last plea and notice sent him.

A. TABER, *Defts Counsel.*      M. TAGGART, *Defts Atty.*

J. H. COLLIER, *Plffs Counsel.*      N. FOOTE, *Plffs Atty.*

BEARDSLEY, Justice.—Granted the motion with costs, on the ground that plaintiff's attorney did not inform defendant's attorney, that he had objections to receiving the amended plea and notice, until more than two months after he had received it, and in the mean time retained it.